UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X

KHALIL MCKENELY,

                         Plaintiff ,

         -against-

THE CITY OF NEW YORK, Police Officer
KELVIN OZUNA, Shield No. 23907, Lieutenant
JORGE TAVAREZ, Police Officer LIAM
CAWLEY, Shield No. 3001, Police Officer JOHN
DOE ONE through FIVE in their individual
and official capacities as employees of the City
of New York, SLICE & CO. BRICK OVEN PIZZA
INC., JOHN SMITH ONE and TWO,
unidentified employees of Slice & Co.,

                              Defendants.

------------------------------------------------------------- X

**COMPLAINT**

Jury Trial Demanded

Plaintiff, KHALIL MCKENELY, by his attorney, The Rameau Law Firm, allege the following, upon information and belief, for this Complaint:

## INTRODUCTION

1.     This is a civil rights action for money damages brought pursuant to 42U.S.C. §§ 1981, 1983, and 1988, the First, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, and the common law of the State of New York, against the defendants mentioned above in their individual and official capacities, and against the City of New York.

2.     On October 24, 2014, Defendants, Police Officer KELVIN OZUNA, Shield No. 23907, Lieutenant JORGE TAVAREZ, Police Officer LIAM CAWLEY, Shield No. 3001, Police Officer JOHN DOE ONE through FIVE (collectively, the "Defendants") unlawfully arrested Plaintiff without probable cause and then

assaulted plaintiff, all without any justification or due cause.

3.      Plaintiff seeks compensatory and punitive damages and an award of attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

## JURISDICTION

4.      This Court has subject matter jurisdiction over the federal claims pursuant to 28 U.S.C. §§ 1331 and 1343. Plaintiff also asserts jurisdiction over the City of New York under 28 U.S.C. §§ 1331 and 1367. Plaintiff requests that this Court exercise pendent jurisdiction over any state law claims arising out of the same common nucleus of operative facts as Plaintiff's federal claims.

## VENUE

5.      Under 28 U.S.C. § 139l (b) and (c) , venue is proper in the Southern District of New York.

## PARTIES

6.      Plaintiff KHALIL MCKENELY was at all material times residents of the City of New York, New York State, and of proper age to commence this lawsuit.

7.      Defendant Police Officer KELVIN OZUNA, Shield No. 23907 ("Ozuna"), at all times relevant herein, was an officer, employee and agent of the NYPD.  Defendant Ozuna is sued in his individual and official capacities.

8.      Defendant Ozuna at all relevant times herein, either directly participated or failed to intervene in the violation of plaintiff ' constitutional rights.

9.      Defendant Lieutenant JORGE TAVAREZ ("Tavarez"), at all times relevant herein, was an officer, employee and agent of the NYPD.  Defendant Tavarez is sued in his individual and official capacities.

10.     Defendant Tavarez at all relevant times herein, either directly participated or failed to intervene in the violation of plaintiff's constitutional rights.

11.     Defendant Lieutenant LIAM CAWLEY ("Cawley"), at all times relevant herein, was an officer, employee and agent of the NYPD.  Defendant Cawley is sued in his individual and official capacities.

12.     Defendant Cawley at all relevant times herein, either directly participated or failed to intervene in the violation of plaintiff's constitutional rights

13.      Defendants JOHN DOE ONE through FIVE were at all relevant times officers employed by the N.Y.P.D., acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of New York and/ or the City of New York, and acting within the scope of their authority and employment.  They are named here in their individual official capacities.

14.      Defendants JOHN and JANE DOE ONE through FIVE were at all relevant times herein, either directly participated or failed to intervene in the violation of plaintiff's constitutional rights

15.      Defendant City of New York (hereinafter "The City") is, and was at all relevant times, a municipal corporation duly organized and existing

pursuant to the laws, statutes and charters of the State of New York. The City operates the N.Y.P.D., a department or agency of defendant City responsible for the appointment, training, supervision, promotion and discipline of officers and supervisory officers, including the Defendants.

16.     Defendant Slice & Co. Brick Oven Pizza Inc. (hereinafter "Slice & Co") is a New York domestic business corporation.

17.     Defendant Slice and Co operated a pizzeria at 95 MacDougal Street, New York, New York.

18.     Defendant John Smith ONE through TWO are fictitious names as the real names are unknown of these individuals who, at all relevant times, are and/or were employees of Slice & Co.

19.     Defendant Slice & Co retained, hired and employed, at all relevant times, defendants Smith One and Two to work in their pizzeria located at 95 MacDougal Street.

**FACTUAL ALLEGATIONS**

20.     Plaintiff is an African-American male.

21.     On or about October 24, 2014, at approximately 1:30 am, plaintiff was in the area the Slice N Co pizzeria located at 95 MacDougal Street in New York County when plaintiff observed an individual with several water bottles at hand walking out of the restaurant and past plaintiff.

22.     Plaintiff then observed a frantic Slice N Co employee JOHN SMITH ONE yelling and screaming at the same individual.

23.     Plaintiff was walking on a nearby sidewalk when suddenly defendant police officers JOHN DOE ONE, JOHN DOE TWO and Lieutenant JORGE TAVAREZ approached plaintiff with their guns drawn.

24.     Defendant TAVAREZ pointed his gun very close to plaintiff's face.

25.     Plaintiff asked, "Why are you pointing your guns at me?"

26.      Defendant TAVAREZ replied to plaintiff, "You are talking too much."

27.     Defendant JOHN DOE handcuffed plaintiff.

28.     Defendant JOHN SMITH ONE, a Slice N Co. employee, while frantic and rambling, falsely informed defendant police officers that they observed plaintiff steal water bottles from Slice N. Co. store.

29.     Defendant TAVAREZ took out a baton and began hitting plaintiff about his face and body while plaintiff.

30.     As a result of this assault, plaintiff began bleeding from the mouth, sustained a laceration to his ear, injury to his face and more.

31.     Plaintiff asked for medical assistance but was denied medical assistance.

32.     Plaintiff was taken to the 6th Precinct.

33.     At the Precinct, the defendants falsely informed members of the New York County District Attorney's Office that they had observed plaintiff committing various crimes.

34.    At no point did the defendants observe plaintiff committing any crimes or offenses.

35.    Ultimately, plaintiff was taken from the precinct to Manhattan Central Booking.

36.    Plaintiff was released from the Central Bookings.

37.    The assigned prosecutor thereafter incorporated the defendants' false accusations against plaintiff into a felony complaint, which defendant OZUNA signed.

38.    Plaintiff was in severe pain and sought medical assistance at New York Methodist Hospital after his release.

39.    Plaintiff experienced seizures like activity as a result of this assault.

40.    As a result of the Defendants' actions, Plaintiff suffered serious physical injuries, mental and emotional harm of a permanent nature, loss of liberty, loss of reputation, and other damages

41.    Plaintiff made a number of court appearances before the case against plaintiff was dismissed.

42.    As a result of the Defendants' actions, Plaintiff suffered physical injuries, mental and emotional harm of a permanent nature, loss of liberty, loss of reputation, and other damages.

## COUNT ONE
## MALICIOUS PROSECUTION AGAINST
### Jane Smith One and Two

43.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

44.     By their conduct, as described herein, and acting under color of state law, defendants are liable to plaintiff under 42 U.S.C. § 1983 for the violation of his constitutional right to be free from malicious prosecution under the Fourth and Fourteenth Amendments to the United States Constitution.

45.     Defendants' unlawful actions were done willfully, knowingly, with malice and with the specific intent to deprive plaintiff of their constitutional rights.   The prosecution by defendants of plaintiff constituted malicious prosecution in that there were no basis for the plaintiff ' arrest, yet defendants continued with the prosecution, which was resolved in plaintiff ' favor.

46.     As a direct and proximate result of defendants' unlawful actions, plaintiff has suffered, and will continue to suffer, damages, including physical, mental and emotional injury and pain, mental anguish, suffering, humiliation, embarrassment and loss of reputation.


## COUNT TWO
### Due Process/ Fair Trial,
### Against Ozuna, Tavarez, Cawley,
### and John Does 1 through 5

47.     Plaintiff repeats and realleges each and every allegation above  as

7

if fully set forth herein.

48.     Defendant OZUNA deprived Plaintiff of his rights under the Fifth, and Fourteenth Amendments to the United States Constitution by manufacturing false evidence through his account that Plaintiff stole a water bottle.

49.     OZUNA used this false evidence to initiate criminal proceedings against Plaintiff.

50.     The State thereafter used this evidence to initial criminal proceedings against Plaintiff.

51.     As a result, Plaintiff was deprived of his liberty.

52.     OZUNA deprived Plaintiff of his rights intentionally, willfully, or recklessly, under color of law.

53.     As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages herein alleged.


**COUNT THREE**
*Respondeat Superior* **Liability**
**Against the City of New York**

54.     Plaintiff repeat and reallege each and every allegation above as if fully set forth herein.

55.     The aforementioned conduct of the Defendants occurred while they were on duty and were within the scope of their authority as officers.

56.     Thus, Defendant City of New York is liable to Plaintiff for their

damages under the doctrine of *respondeat superior* for the actions of the officers.

## COUNT FOUR
### Failure To Intervene against Ozuna, Tavarez, Cawley,
### and John Does 1 through 5

57.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

58.     Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

59.     Accordingly, the defendants who failed to intervene violated the First, Fourth, Fifth And Fourteenth Amendments.

60.     As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## COUNT FIVE
### *MONELL* against defendant City of New York

61.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

62.     This is not an isolated incident. The City of New York (the "City"), through policies, practices and customs, directly caused the constitutional violations suffered by plaintiff.

63.     The City, through its police department, has had and still has hiring practices that it knows will lead to the hiring of police officers lacking the intellectual capacity and moral fortitude to discharge their duties in accordance with the constitution and is indifferent to the consequences.

64.     The City, through its police department, has a *de facto* quota police that encourages unlawful stops, unlawful searches, false arrests, the fabrication of evidence and perjury.

65.     The City, at all relevant times, was aware that these individual defendants routinely commit constitutional violations such as those at issue here and has failed to change its policies, practices and customs to stop this behavior.

66.     The City, at all relevant times, was aware that these individual defendants are unfit officers who have previously committed the acts alleged herein and/or have a propensity for unconstitutional conduct.

67.     These policies, practices, and customs were the moving force behind plaintiff ' injuries.

## COUNT SIX
### Federal Conspiracy Claim under 42 U.S.C. 1983 and 1985
### Against all individually named defendants

68.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

69.     Defendants Ozuna, Tavarez, Cawley, and John Does One through Five conspired with defendants John Smith One and Two to violate the rights of plaintiff under 42 U.S.C. 1983 and 1985.

70.     Defendants Ozuna, Tavarez, Cawley, and John Does One through Five conspired with defendants John Smith One and Two to engage in a joint venture to ensure that plaintiff would be falsely arrested.

71.     Defendants Ozuna, Tavarez, Cawley, and John Does One through Five conspired with defendants John Smith One and Two to engage in a joint venture to ensure that plaintiff would be maliciously prosecuted.

72.     There was an agreement by and between defendants Ozuna, Tavarez, Cawley, and John Does One through Five conspired with defendants John Smith One and Two to violate plaintiff's rights.

73.     At the time they engaged in this joint venture and conspired with each other, defendants Ozuna, Tavarez, Cawley, and John Does One through Four conspired with defendants John Smith One and Two knew that there was no probable cause for the arrest of plaintiff.

74.     As a direct and proximate result, Plaintiff sustained damages and injury as a result.

**COUNT SEVEN**
**Negligent Hiring/Training/**
**Retention of Employment Services**
**Against Defendant Slice & Co**

75.     Plaintiff repeats and realleges each and every allegation above as if fully set forth herein.

76.     Defendant Slice & Co, owed a duty of care to plaintiff to prevent the conduct alleged, because under the same or similar circumstances a reasonable, prudent, and careful person should have anticipated that injury to

plaintiff or to those in a like situation would probably result from the foregoing conduct.

77.    Defendants JOHN SMITH ONE and TWO were unfit and incompetent for their positions.

78.    Defendant Slice & Co knew or should have known through the exercise of reasonable diligence defendants JOHN SMITH ONE and TWO were potentially dangerous and had violent tendencies.

79.    Defendant Slice & Co knew or should have known through the exercise of reasonable diligence that defendants JOHN SMITH ONE and TWO had a racial animus towards African American customers.

80.    Defendant Slice & Co knew or should have known through the exercise of reasonable diligence that defendants JOHN SMITH ONE and TWO were liable to make false accusations against customers.

81.    Defendant Slice & Co's negligence in screening, hiring, training, disciplining, and retaining these defendants proximately caused each of plaintiff ' injuries.

82.    As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## PRAYER   FOR   RELIEF

**WHEREFORE,** Plaintiff request that this Court:

a)  Award compensatory damages against the defendants, jointly and severally;

b)  Award punitive damages against the individual defendants, jointly

and severally;

c)  Award costs of this action to the plaintiff ;

d)  Award reasonable attorneys' fees and costs to the plaintiff
    pursuant to 28 U.S.C. § 1988;

e)  Such other and further relief as this Court deems just and proper.

**JURY DEMAND**

Plaintiff  hereby demand a jury trial.

Dated:        February 13, 2017
              Brooklyn, New York

_____

Amy Rameau,  Esq.
The Rameau Law Firm
16 Court Street, Suite 2504
Brooklyn, New York  11241
(718) 852-4759
rameaulawny@gmail.com